# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER PARKISON and DANIEL PARKISON, ) ) ) Plaintiffs, ) ) -vs- ) ) THE HANOVER INSURANCE ) COMPANY, LBV INSURANCE, ) LLC, and ASCENT INSURANCE ) GROUP, LLC, ) ) Defendants. ) | Case No. CIV-23-839-F (District Court of Oklahoma County Case No. CJ-2023-3791) |

## ORDER

In July of 2022, plaintiffs Jennifer and Daniel Parkison filed a claim under their homeowners' replacement cost insurance policy for storm damage to the roof of their house. The policy was issued by defendant The Hanover Insurance Company (Hanover) and purchased through Hanover's agent, defendant LBV Insurance LLC, now known as Ascent Insurance Group, LLC. After Hanover denied the claim, plaintiffs commenced an action in the District Court for Oklahoma County, State of Oklahoma, alleging claims against Hanover for breach of contract, breach of the duty of good faith and fair dealing, negligent procurement of insurance, and constructive fraud/negligent misrepresentation. They also alleged claims against LBV Insurance LLC and Ascent Insurance Group, LLC (collectively, Ascent) for negligent procurement of insurance and constructive fraud/negligent misrepresentation.

Hanover timely removed the action to this court, alleging the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although acknowledging plaintiffs and at least one member of Ascent are citizens of Oklahoma, Hanover's notice of removal alleged that Ascent was fraudulently joined to the action and, thus, its citizenship should be ignored for purposes of assessing complete diversity between the parties.

Plaintiffs have moved to remand the action to state court, arguing that Ascent is not fraudulently joined to the action. *See*, doc. no. 11. Hanover has responded, objecting to the requested remand. *See*, doc. no. 12. Plaintiffs have replied. *See*, doc. no. 13. Upon due consideration, the court finds that plaintiffs' motion should be granted.[1]

*Fraudulent Joinder*

"'To establish [fraudulent] joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)). "'The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Dutcher, 733 F.3d at 988 (quotation omitted).

In its notice of removal, Hanover relies upon the second prong of the fraudulent joinder test—the inability of plaintiffs to establish a cause of action against Ascent in state court. *See*, doc. no. 1, ECF pp. 8-9; p. 14-15. Under this prong, Hanover must demonstrate that there is "'no possibility'" that plaintiffs would be able establish either of their claims against Ascent. Montano v. Allstate

---

[1] Hanover's request for jurisdictional discovery is **DENIED**.

Indemnity, 2000 WL 525592, at * 1 (10th Cir. April 14, 2000) (quoting Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000)) (unpublished Tenth Circuit decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Upon review of the record and recognizing that all factual and legal issues must be resolved in plaintiffs' favor, the court concludes that Hanover has failed to demonstrate there is no possibility that plaintiffs could establish a constructive fraud and negligent misrepresentation claim against Ascent.[2]  Under Oklahoma law, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him[.]" Sutton v. David Stanley Chevrolet, Inc., 475 P.3d 847, 853 (Okla. 2020) (quoting 15 O.S. 2011 § 59).  Thus, plaintiffs must establish a duty that has been breached by Ascent, that Ascent benefited from the breach, and that plaintiffs were prejudiced by the breach.

The Oklahoma Supreme Court has stated "[a]though a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth." Uptegraft v. Dome Petroleum Corp., 764 P.2d 1350, 1353-54 (Okla. 1988).  Thus, "[a] duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth." *Id*.

Plaintiffs have alleged a duty to speak based on partial disclosure because they have alleged that Ascent specifically represented to them that the roof was in good condition and satisfied all of Hanover's guidelines and underwriting requirements (*i.e.*, its age, physical condition, workmanship, etc.).  Plaintiffs have alleged a breach

---

[2] Given this determination, the court need not address plaintiffs' negligent procurement of insurance claim against Ascent.

of that duty because Hanover denied plaintiffs' claim, attributing the damage to the shingles on plaintiffs' roof as "granule loss" resulting from improper installation. Plaintiffs have also alleged that Ascent never notified them of any workmanship issues with their roof, including the shingles being improperly installed, prior to inception of the policy, and never advised that such condition would exclude full replacement cost coverage. Plaintiffs have alleged that Ascent benefited from the breach, and they were prejudiced by the breach because plaintiffs purchased and renewed the policy, with a full coverage endorsement for the roof, which did not provide the coverage plaintiffs expected or requested.

Viewing the factual allegations in plaintiffs' favor and resolving all contested factual and legal issues in plaintiffs' favor, the court concludes that there could possibly be a valid constructive fraud and negligent misrepresentation claim under Oklahoma law against Ascent.[3] The court therefore concludes that Hanover has failed to establish fraudulent joinder of Ascent based on inability to establish a cause of action under state law.[4]

In its removal notice, Hanover asserted that Ascent was fraudulently joined based on the second prong of the fraudulent joinder test. However, in its response to plaintiffs' motion, Hanover additionally relies upon the first prong of the fraudulent joinder test—actual fraud in pleading of jurisdictional facts. Assuming

---

[3] Although Ascent was acting as agent for Hanover, the Oklahoma Supreme Court in Bane v. Anderson, Bryant & Co., 786 P.2d 1230, 1234 (Okla. 1990), determined that an agent who commits a tortious act while acting as agent for another may be individually liable for the injury done by the tortious act.

[4] In its papers, Hanover raises a challenge to the constructive fraud and negligent misrepresentation claim under Rule 9(b), Fed. R. Civ. P.  However, the state pleading standard applies in a motion to remand. Perez v. J.M. Smucker Co., 2012 WL 2334744, at *1 (S.D. Cal. June 19, 2012) (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)); see also, Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1334 (11th Cir. 2011) (looking to state pleading standards rather than standards prevailing in federal court).  Hanover has not challenged the claim under Oklahoma's state pleading standard.  The court declines to address it.

without deciding that Hanover may rely upon the first prong of the fraudulent joinder test even though not specifically pled in its removal notice, the court concludes that Hanover has failed to sufficiently establish actual fraud by plaintiffs in pleading of jurisdictional facts.

In sum, the court concludes that Hanover has failed to satisfy its heavy burden that Ascent was fraudulently joined as a defendant to this action. Consequently, the court concludes that Ascent's Oklahoma citizenship may not be disregarded, as asserted by Hanover. Because complete diversity does not exist between the parties, the court concludes that it may not exercise diversity jurisdiction over this action under § 1332.

*Conclusion*

For the reasons stated, Plaintiffs' Motion to Remand (doc. no. 11) is **GRANTED**. This action is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma pursuant to 28 U.S.C. § 1447(c).

DATED this 6th day of December, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0839p002.docx